**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 21-4429**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARFIELD D. CAMPBELL,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:09-cr-00236-FDW-1)

―――――――――――

Submitted: April 26, 2022                                    Decided: April 28, 2022

―――――――――――

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garfield D. Campbell appeals from the revocation of his supervised release and the imposition of a seven-month prison term. On appeal, Campbell asserts that the district court erred by revoking his supervised release and imposing a prison sentence based on a single violation, consisting of marijuana use. We affirm.

We review a judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). The conditions of Garfield's supervised release prohibited the use of controlled substances, except as prescribed by a physician. Here, Garfield signed an admission that he used "weed" on a particular date. (J.A. 97). On appeal, Garfield admits that this evidence supported a violation of supervised release. Accordingly, we find no abuse of discretion in the revocation of Garfield's supervised release.

Turning to Garfield's sentence, a sentencing court has "broad discretion" to impose a revocation sentence "up to the statutory maximum." *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). We affirm a revocation sentence so long as it is "within the prescribed statutory range and is not plainly unreasonable." *Id.* at 440. First, we determine whether the sentence is "unreasonable at all," procedurally or substantively. *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). If it is not, we affirm; if it is unreasonable, we determine whether it is plainly so. *See United States v. Slappy*, 872 F.3d 202, 206–07 (4th Cir. 2017).

We find that Garfield's sentence, which was within the statutory range and at the low end of the Sentencing Guidelines range, was not plainly unreasonable. A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding "that the defendant should receive the sentence imposed." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018). Here, the district court explained in its colloquy that it weighed Garfield's breach of trust against the fact that he had otherwise "performed generally very well" on supervision and determined that a sentence at the low end of the Guidelines range was appropriate with no additional term of supervised release. (J.A. 76-77).

Garfield asserts that his sentence was grossly disproportionate to his conduct. However, Garfield's sentence was not for marijuana use—it was for violating his conditions of supervised release. *See United States v. Coston,* 964 F.3d 289, 297-98 (4th Cir. 2020), *cert. denied,* 141 S. Ct. 1252 (2021) (explaining that defendant may be sentenced for violations of supervised release conditions, which either do not apply to the general public or are treated more leniently). Given the district court's explanation of Garfield's sentence and his undisputed breach of trust, we hold that his sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*